UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| BERNARD HARDRICK, #606507, )<br>Plaintiff, )<br>)<br>-v- )<br>)<br>ERICA HUSS, *et al.*, )<br>Defendants. )<br>) | No. 2:21-cv-229<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Bernard Hardrick, a prisoner in the custody of the Michigan Department of Corrections, alleges Defendants violated his civil rights. Currently pending in this lawsuit are three motions: (1) Defendants' motion to dismiss (ECF No. 38); (2) Plaintiff's motion for an order to show cause (ECF No. 47); and (3) Defendants' motion to strike a reply brief (ECF No. 52). The Magistrate Judge issued a report containing recommendations for each of the three motions (ECF No. 55). Plaintiff filed objections (ECF No. 57). Defendant did not file any objections. The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Defendants' Motion to Dismiss (ECF No. 38).

The Magistrate Judge recommends granting the motion to dismiss. The Court addresses Plaintiff's specific objections.

1. Timeliness. Relying on Rule 12(a)(1), Plaintiff argued that the motion to dismiss was not timely filed. The Magistrate Judge found the Prison Litigation Reform Act (PLRA) altered the ordinary rules governing the timing of a response to a pleading and, as a result, Defendant's motion was not untimely. Plaintiff objects, citing the court rule.

The Court overrules Plaintiff's objection. The PLRA provides that a defendant can waive the right to reply to an action brought by a prisoner under § 1983. 42 U.S.C. § 1997e(g)(1). The statute further provides that a court may not grant relief to the plaintiff "unless a reply has been filed." *Id.* When a statute and a court rule conflict, the statute supersedes the rule and the statute controls. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997) (citations omitted). The Magistrate Judge correctly explained that the statute alters the rule on which Plaintiff relies. Even if Plaintiff is correct, Defendants could simply refile their motion under Rule 12(c), which applies the same standards and does not have same timing requirement.

2. Eighth Amendment Claim against Defendants (other than Huss) for Falsely Identifying Plaintiff as a Person Under Investigation (PUI). The Magistrate Judge concludes Plaintiff lacks standing to pursue this claim because mere exposure to COVID-19 does not constitute a concrete injury that could be redressed by monetary damages. Plaintiff objects. Plaintiff insists his allegations support a cause of action.

The Court overrules Plaintiff's objection. Plaintiff's objection does not address the reason the Magistrate Judge recommends dismissing this claim. The fear and risk of a potential infection is not a concrete injury and is not a harm that can be remedied by a monetary award.

3. First Amendment Retaliation Claim. The Magistrate Judge found that Plaintiff failed to allege facts to support both protected conduct and adverse action. Plaintiff objects.

The Court overrules Plaintiff's objection. Plaintiff does not address the reasoning in the Report and Recommendation.

4. Qualified Immunity. The Magistrate Judge concludes that Plaintiff has not demonstrated that the law was clearly established to put Defendants on notice. Plaintiff objects.

The Court overrules Plaintiff's objection. Plaintiff's view of clearly established law is at a broad, general level which does not provide the defendants with sufficient guidance.

B. Plaintiff's Motion to Show Cause (ECF No. 47) and Defendants' Motion to Strike (ECF No. 52)

The Magistrate Judge recommends dismissing these two motions as moot. Neither party filed any objections addressing this recommendation.

For these reasons, the Court **ADOPTS** as its Opinion, the Report and Recommendation (ECF No. 55). The Court **GRANTS** Defendants' motion to dismiss (ECF No. 38). The Court **DISMISSES AS MOOT** Plaintiff's motion for order to show cause (ECF No. 47) and Defendants' motion to strike (ECF No. 52). **IT IS SO ORDERED.**

Date: May 8, 2024 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge