UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| BERNARD HARDRICK, #606507,<br>Plaintiff,<br><br>-v-<br><br>ERICA HUSS,<br>Defendant. | ) | No. 2:21-cv-229<br><br>Honorable Paul L. Maloney |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Bernard Hardrick, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges the defendants violated his civil rights. A single claim remains in this lawsuit. Plaintiff contends Defendant Warden Huss retaliated against him in violation of the First Amendment. Defendant filed a motion to compel. ECF No. 91. Defendant also filed a motion for summary judgment. ECF No. 95. The Magistrate Judge issued a report recommending the court grant the motions in part. ECF No. 103. Defendant filed objections. Plaintiff did not file any objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Neither party filed objections to the Magistrate Judge's findings and recommendations concerning Defendant's motion to compel.

Objection 1.

The Magistrate Judge found a genuine issue of material fact about the adverse action element of Plaintiff's retaliation claim. Defendant objects. Defendant argues Plaintiff cannot rely on his allegations and also argues that the medical evidence contradicts Plaintiff's allegations.

The court overrules the objection. Plaintiff does not rely on mere allegations. Plaintiff attached a verification statement to his complaint. Plaintiff relied on 28 U.S.C. § 1746 and makes his declaration "under penalty of perjury." ECF No. 1 PageID.16. "His verified complaint therefore carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). Moreover, Defendant's evidence establishes only that the medical staff did not report that Plaintiff complained about coughing up blood. The court notes that the medical records appear to be regular checks by the prison medical staff for COVID-19 symptoms between October 17 and November 7, 2020. ECF No. 96-2 PageID.702-20. That Plaintiff did not complain about coughing up blood in his grievances does not eliminate the factual dispute. The court agrees that a genuine issue of material fact exists.

Objection 2.

The Magistrate Judge found that Defendant was not entitled to qualified immunity. Defendant objects. Defendant argues that no dispute of facts exists whether Plaintiff was coughing up blood. The court has resolved that question against Defendant.

For these reasons, the court **ADOPTS** the report and recommendation. ECF No. 103. The court **GRANTS IN PART and DENIES IN PART** Defendant's motion for summary judgment. ECF No. 95. The court DIMISSES Plaintiff's request for a declaratory judgment. The court also **GRANTS IN PART** Defendant's motion to compel. ECF No. 91. Plaintiff must reimburse Defendant $180.82. **IT IS SO ORDERED.**

Date: November 6, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge